## DONOVAN v. BENN RIGEL CONTRACTING & SUPPLY CO. et al.

(District Court, E. D. New York. June 24, 1921.)

**Shipping ☞54—Charterer liable for injury to barge.**
    The charterer of a barge, impliedly bound to return her in good condition, ordinary wear excepted, *held* liable for her injury by being driven ashore in a storm while loading alongside a dredge.

In Admiralty. Suit by Timothy J. Donovan against the Benn Rigel Contracting & Supply Company, with the McClellan Dredging Company impleaded. Decree for libelant.

Park & Mattison, of New York City, for libelant.
Macklin, Brown, Purdy & Van Wyck, of New York City, for respondent.

CHATFIELD, District Judge. The barge Eleanor D. Donovan, owned by the libelant, was chartered to the Benn Rigel Contracting & Supply Company for a trip to Port Jefferson harbor, in September, 1918. She was to get a cargo of gravel and to be loaded alongside a dredge. Both parties understood that the boat was to be loaded afloat and in deep water.

The captain of the boat testified that, after she received some 50 tons of her load, she rested upon the bottom, apparently at all stages of the tide, and that subsequently she was driven ashore by a storm, where she undoubtedly received injuries which caused her to leak. The captain also testified that she was leaking from resting on the bottom while loading preceding this storm. But his testimony was so indefinite and given in so inaccurate a manner that the court can place no reliance upon his recollection with regard to the amount which the boat leaked prior to her being driven ashore in this storm.

All the parties to the action agree that at the time of the storm she was driven ashore, left stranded upon the beach, and strained in such a way that she was with difficulty kept afloat by a gasoline pump, on her voyage to New York when fully loaded. At New York the cargo of gravel was not of satisfactory grade, and was therefore taken around to Rockaway, where it was unloaded and disposed of. The boat was then surveyed, found to have been twisted out of line to the extent of six inches, with one knee broken, amidships scarf started, and general searching and caulking necessary.

It appears that the dredging of gravel was being done by the McClellan Dredging Company, that the Benn Rigel Contracting & Supply Company turned the barge over to the dredging company while she was

receiving her load at Port Jefferson, and that in fact she was loaded in deep water at the end of the dredge, until the night of the storm in question.

The McClellan Dredging Company has been brought in by petition, but has not answered and is in default. It also appears that the McClellan Dredging Company has become insolvent and irresponsible, which explains why a default has been suffered. The witnesses, however, for the McClellan Company, have been brought into court by the Benn Rigel Company and examined.

It appears from the testimony that in accordance with the usual custom the charterer agreed to pay for additional insurance to cover the trip of the barge outside of New York harbor, which was the extent of the territory covered by the original insurance. But this insurance, as taken out by the charterer, excluded liability "if this scow should go aground at any time or other while in your service." The language of this policy was communicated to the Benn Rigel Company as a part of the letter confirming the charter. The Benn Rigel Company sought no protection by way of insurance for grounding, and thereby made themselves liable for any damage from grounding due to their negligence, unless it could be shown to be the fault of the captain of the scow with respect to some one of the matters for which the libelant, as owner of the scow and employer of the master, would be responsible.

The charterer agreed to be responsible for "all towing, wharfage, labor, or any other charges," which might accrue on the scow, and the charter impliedly, although not expressly, required the charterer to return the scow in good order and condition, subject to ordinary wear and tear. The libelant, therefore, has a right to look to the Benn Rigel Company for damages to the scow in so far as she was not returned in good order and condition, unless the charterer can show that the injury resulted from some vis major for which it would not be responsible under such charter.

The Benn Rigel Company can, of course, bring in any independent party against which it can show responsibility for the injuries received. In this case the McClellan Dredging Company was in charge of the boat at the time of the storm, and no one has placed on the record any testimony indicating that the captain of the barge was careless at the time of the storm, so as to excuse the dredging company from responsibility for the boat which was in its care, nor is there any evidence to indicate that the storm was of such a nature that the charterer would not be responsible for the consequences thereof. If the McClellan Dredging Company were responsible, their liability would relieve the charterer from the necessity of satisfying the decree; but the charterer cannot, by pleading their insolvency, avoid the secondary obligation resting upon him, of making good, if they fail so to do. He had the privilege of taking out additional insurance, with a warning that grounding was excepted from the policies in force, and it would seem that the libelant is entitled to recover.